UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICHARD AMUM'RA BEY                                                                       PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:21-CV-504-DPJ-FKB

MAGISTRATE STEVEN BOONE, ET AL.                                                    DEFENDANTS

ORDER

Plaintiff Richard Amun'Ra Bey initiated this *pro se* action on August 4, 2021, asserting a variety of claims against Mississippi officials related to a traffic stop and his subsequent detention.  Notice of Removal [1].[1]  Bey sought leave to proceed *in forma pauperis* ("IFP") [2], but he did not provide the necessary documentation.  United States Magistrate Judge F. Keith Ball twice instructed Bey to either fix the defects in his application or pay the otherwise-applicable filing fee.  *See* Orders [3, 7].  Bey failed to comply with Judge Ball's Orders, and this cause is now before the Court on Judge Ball's Report and Recommendation [11] advising that the suit be dismissed without prejudice.  Bey has objected to the recommendation.  Objection [12].

Bey's initial motion to proceed IFP featured an incomplete short-form application.  *See* Mot [2].  Judge Ball ordered Bey to file a completed long-form application, a blank copy of which he instructed his staff to mail to the plaintiff.  Order [3].  In his second effort, Bey provided that long-form application, answering each inquiry related to his financial condition as "N/A"—not applicable.  Mot. [5].  Bey also provided an affidavit rationalizing his responses: Despite his selection of this Court as the forum from which he would seek relief, he denied this

---

[1] Plaintiff asserts that he has removed "the unconstitutional Complaint – Summons / Ticket – Suit / Bill of Exchange / Action" from the state court.  No state court record has been provided.  This unclear procedural posture raises significant concerns regarding the applicability of an abstention doctrine.

Court's authority to request "Unconstitutional Federal Reserve Notes."  Pl.'s Aff. [6] at 1.  Judge Ball again ordered Bey to complete and submit the requisite form, Order [7], and Bey again filed an application filled with "N/A" responses, Mot. [9].  Bey also submitted two additional affidavits, one chiefly focused on his objections to the state court's actions, the other primarily advancing his objection to the Court having written his "[a]ppellation" in "[a]ll capital letters."  Pl.'s Affs. [8, 10].

Considering Bey's failure to comply with two court orders, Judge Ball recommends the action be dismissed without prejudice.  R&R [11].  In addition to restating the affidavits' arguments, Bey's objection notes that the long-form application allows for an "N/A" response.  Pl.'s Objection [12].  But "N/A" is only authorized by the form "if the answer to a question is . . . 'not applicable.'"  Application [3-1] at 2.  "N/A" might, for example, be an appropriate response to the employment-history section, if the litigant has been unemployed for more than two years.  *See id.* at 2.  But the response is plainly inapplicable to other inquiries—including the requested estimate of average monthly food expenses.  *See id.* at 4.

Title 28 U.S.C. § 1914 requires plaintiffs to pay a baseline $350 filing fee (except in habeas actions) and additional fees as prescribed by the Judicial Conference of the United States.  Section 1915, the *in forma pauperis* statute, unburdens litigants from that normal fee schedule if they are financially eligible.  *See Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (holding that the affidavit requirement of § 1915(a)(1) applies to all petitioners seeking leave to proceed IFP).  Judge Ball, rightfully, ordered Bey to demonstrate his eligibility, and Bey has repeatedly declined to comply.

Plaintiffs are not entitled to seek relief in federal court by their own terms.  Bey's objections are totally without merit, as this Court previously found when he attempted the same

approach in another matter. *Bey v. United States*, 3:21-CV-167-DPJ-FKB, Order [16] (S.D. Miss. Aug. 19, 2021); *accord El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537, 550–52 (D.N.J. 2011) (denying a litigant IFP status over objections highly reminiscent of Bey's, finding the litigant's filings to be "entirely silent as to Plaintiff's ability to pay the required fees"); *cf. Gooden-El v. Tarrant County*, No. 4:20-CV-116-O, 2021 WL 793758, at *2 (N.D. Tex. Mar. 2, 2021) (compiling cases rejecting Moorish National theories). If Bey objects to the rules of a federal forum, he is welcome to seek relief elsewhere.

"Rule 41(b) authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a court order." *Griggs v. S.G.E. Mgmt.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Bey's willful disregard of Judge Ball's instructions is plainly contumacious. *See Webb v. Morella*, 457 F. App'x 448, 452–53 (5th Cir. 2012). It is, therefore, ordered that the Report and Recommendation of the Magistrate Judge is adopted as the finding of the Court. This case is dismissed. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 9th day of November, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE